UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATHEW PRENCIPE, WILLIAM H. KOSHMAN, ROBERT H. COOKE, <br><br>    Plaintiffs, <br><br>  -vs- <br><br>SPOKANE BOARD OF REALTORS, DBA SPOKANE ASSOCIATION OF REALTORS; Sandy Alderman, David - Crosby, Jack Morse, Jeannette Karis, Jim Dashiell, Neil - Johnson, Rick Richard, Jessica Shaeffer, Patti McKerricher-Boyd, Vic Plese, James - Young, Chuck Hormel, <br><br>    Defendants. | NO.  CV-04-0319-LRS <br><br>**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

BEFORE THE COURT is Plaintiffs' Motion to File Second Amended Complaint (Ct. Rec. 21), filed November 7, 2005; Individual Defendants' Motion for Summary Judgment (Ct. Rec. 46), filed December 9, 2005; Defendant Spokane Association of Realtors [SAR]'s Motion for Summary Judgment (Ct. Rec. 67), filed January 9, 2006; and Defendants' Motion for Leave to File Supplemental Authority (Ct. Recs. 52, 54), filed December 19, 2005.  A hearing was held April 27, 2006 in Yakima, Washington.  David Barry participated on behalf of the Plaintiffs; Michael Hines participated on behalf of Defendant SAR; and William Symmes, Tracy LeRoy, and Bryce Wilcox participated on behalf of Sandy Alderman, David Crosby, Jack Morse, Jeannette Karis, Jim Dashiell, Neil

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT - 1

Johnson, Rick Richard, Jessica Shaeffer, Patti McKerricher-Boyd, Vic Plese, James Young, Chuck Hormel [the Individual Defendants]. Defendants joined in each others' summary judgment motions.

This is an antitrust action brought pursuant to section 1 of the Sherman Antitrust Act, 15 U.S.C. §1, and sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26. The facts important to resolution of the issue at hand are not disputed, and were summarized by the Court during its oral rulings. The essence of Plaintiffs' claims is that SAR, a non-profit Washington corporation and local affiliate of both a national real estate trade association National Association of Realtors [NAR], and its state affiliate Washington Association of Realtors [WAR], only provide multiple listing service [MLS] to members of a Realtor® Association. The MLS is owned and operated by SAR for benefit of members and pursuant to RCW 18.85.010(8) and 18.85.400. To join SAR, the only requirements are: 1)to be a licensed real estate professional; and 2) pay the SAR membership dues of $335.00 per year[1]. Although Plaintiffs are all members of SAR and NAR, they believe they should not be required to join SAR and/or NAR in order to enjoy the benefits of using the MLS.

The Court having considered the oral and written arguments of counsel, enters this Order to memorialize and supplement the oral rulings of the Court, which are incorporated herein. Accordingly,

/ / /

/ / /

---

[1] Of the $335, $129 is applied to SAR's membership; $84 is applied to NAR membership; and $122 is applied to WAR membership.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT - 2

**IT IS ORDERED** that:

1. Plaintiffs' Motion to File Second Amended Complaint (Ct. Rec. 21), filed November 7, 2005 is **GRANTED**. Although the Plaintiffs sought to withdraw this motion for the first time at the hearing, under the Federal Rules of Civil Procedure 15(a), leave to amend should be freely granted when justice so requires. See *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir.1983). To prevent piecemeal litigation in this case, and taking into consideration that Defendants thoroughly addressed the proposed second amended complaint in their summary judgment briefs and argument, the Court grants this motion despite Plaintiffs last minute request to withdraw the motion at the hearing. The terms of the order, as well as the oral rulings at the close of the April 27, 2006 hearing, are intended to address all claims made by Plaintiffs.

2. Individual Defendants' Motion for Summary Judgment (Ct. Rec. 46), filed December 9, 2005, is **GRANTED**.[2] As to the tying claim, the Court finds lacking the essential characteristics of an invalid tying arrangement. The Plaintiffs have not shown that a substantial volume of commerce is foreclosed under *Jefferson Parish Hospital District No. 2 v. Hyde*, 466 U.S. 2 (1984). Plaintiffs have failed to show that the "buyer"

---

[2] At the outset, Defendants argue that Plaintiffs' antitrust claims are barred by the statute of limitations pursuant to 15 U.S.C. § 15b. Although the Court has serious concerns whether Plaintiffs have proved a continuing antitrust violation, the Court finds Plaintiffs' action not barred by the applicable four-year statute of limitations based on an alleged continuous series of antitrust injuries stemming from the same injury. See *Airweld, Inc. v. Airco, Inc.*, 742 F.2d 1184 (9th Cir.1984).

of the tied product, whether the tied product is the NAR membership as Plaintiffs argued at the hearing or SAR membership based on Defendants' interpretation, would have purchased such product from another "seller." Hence, such foreclosure of a substantial volume of commerce is not present in this case. Further, viewing the facts and drawing inferences most favorable to Plaintiffs, the Court finds that these antitrust Plaintiffs have not shown "antitrust injury," a threshold requirement of antitrust standing under the United States Supreme Court's precedents beginning in 1977 *with Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977), and developed in the next several years in, e.g., *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 110 S.Ct. 1884, 109 L.Ed.2d 333 (1990); *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983); and *Blue Shield v. McCready*, 457 U.S. 465, 102 S.Ct. 2540, 73 L.Ed.2d 149 (1982). The law is clear that merely establishing that Plaintiffs purchased an unwanted product, i.e. membership in a local or national Realtor® association, does not establish foreclosure of competition. *Jefferson Parish*, 466 U.S. at 16. Plaintiffs have failed to explain how they have been harmed by any restrained competition in the tied product market.

As to the group boycott claim, Plaintiffs have not met their burden under the Sherman Act of proving that the Individual Defendants' acts suppress or even destroy competition. Further, Plaintiffs have not overcome the *Copperweld*[3] doctrine, reaffirmed by the Ninth Circuit in

---

[3]The Supreme Court held in *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769-76 (1984) that in the context of an antitrust

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT - 4

*Jack Russell Terrier Network of N. Cal. v. American Kennel Club*, 407 F.3d 1027, 1035 (9th Cir. 2005). The Court's finding of a lack of antitrust injury applies equally and fatally to Plaintiffs' group boycott claim. Plaintiffs cannot show that SAR's requirement that participants belong to a local Realtor® association or the requirement that participants buy NAR membership to belong to SAR has any anticompetitive effect on the "market" for real estate association services.

    3. SAR's Motion for Summary Judgment (Ct. Rec. 67), filed January 9, 2006, is **GRANTED** for the reasons stated in the oral ruling and in paragraph two above. The Court finds that Plaintiffs have not demonstrated the three separate elements of an illegal tying arrangement. See *Wells Real Estate, Inc. v. Greater Lowell Bd. Realtors*, 850 F.2d 803, 814 (1st Cir.1988). Plaintiffs have failed to demonstrate the slightest market for membership in real estate boards that might have been affected by the defendants' alleged tying arrangement.[4] Additionally, Defendant SAR is not a "seller" in the usual sense of the term, but rather a trade organization. The MLS is one of the advantages gained by joining that trade organization. Indeed, the Court is not aware of any federal case

---

claim, regional affiliates could not conspire with their national association because they were not otherwise divergent economic powers with opposing goals.

[4] The Court finds Plaintiffs attempt to establish that products compete in the same product market (i.e., in this case non-Realtor® trade associations competing with SAR or NAR in the Spokane market) through the Dr. Jon Riddle expert report unavailing. The Court finds the Riddle report fails to establish the requisite interchangeability of use and cross-elasticity of demand as to deprive each other of significant levels of business explained by the Ninth Circuit in *Morgan, Strand, Wheeler & Biggs v. Radiology, Ltd.*, 924 F.2d 1484, 1489 (9th Cir.1991). Most importantly, Dr. Riddle does not identify any competitor of SAR or NAR in the Spokane market for real estate trade associations.

in which similar requirements and incentives of such an organization have been described as a tying arrangement.

For the reasons stated above relative to the group boycott claim against the Individual Defendants, the Court finds that Plaintiffs have failed to show standing to bring this group boycott claim against SAR as well, as there is no evidence of injury to competition in the SAR market and Plaintiffs have not suffered any antitrust injury. Plaintiffs admit they would not have joined another trade association absent the putative tie. SAR's membership requirement appears to be a lawful exercise of a trade association's right to limit its services to its members and such membership requirement is not the product of conspiracy under the facts before the Court. Finally, Plaintiffs have not been excluded by membership from accessing MLS nor has any competitor been excluded from the product market.

4. Any claim that Article 16 (non-solicitation provision) is an antitrust violation fails as a matter of law. The Court finds Article 16 does not satisfy the separate product requirement; was not "purchased" by Plaintiffs; and no evidence was presented to show that Article 16 restrains competition in the Spokane market. Further, Courts have consistently regarded the non-solicitation rule as being pro-competitive, providing an inducement for brokers and consumers to participate in the MLS.

5. Defendants' Motions for Leave to File Supplemental Authority (Ct. Recs. 52, 54, which are identical), filed December 19, 2005, are **GRANTED.**

6. The Court directs the clerk to enter judgment consistent with this Order.

**IT IS ORDERED**. The District Court Executive is directed to file this Order, provide copies to counsel of record and **CLOSE FILE**.

**DATED** this 12th day of May, 2006.

        S/ Lonny R. Suko
        LONNY R. SUKO
        UNITED STATES DISTRICT JUDGE